IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAKEITH AMIR-SHARIF | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-2277-B |
| | § | |
| DISTRICT ATTORNEY'S OFFICE, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Lakeith Amir-Sharif, an inmate in Dallas County Jail, against various Dallas County prosecutors and investigators, two deputy sheriffs, and the Texas Commission on Law Enforcement Officer Standards. On December 11, 2006, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court now determines that this case should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

II.

On or about May 8, 2005, plaintiff was allegedly assaulted by a guard at the Dallas County Jail. Plaintiff notified the appropriate law enforcement authorities of the assault and his desire to press criminal charges. Although plaintiff filed a formal complaint with the Dallas County District Attorney's Office, he later learned that the matter had been referred to the Dallas County Sheriff's Department. In June 2006, the Sheriff's Department dismissed plaintiff's complaint, finding no violation of policies or procedures. Plaintiff now accuses the prosecutors, investigators, and sheriff deputies who investigated his complaint of civil rights violations, deliberate indifference, and disability discrimination. By this suit, plaintiff seeks unspecified money damages, a permanent injunction, and declaratory relief.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1) is frivolous or malicious;

(2) fails to state a claim upon which relief can be granted; or

(3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See*

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The gravamen of plaintiff's complaint is that defendants violated his civil rights by failing to investigate and prosecute the jail guard who assaulted him. Whether the legal basis of this claim is founded on the due process or equal protection clause, there is no federal constitutional right to have someone investigated or prosecuted for criminal wrongdoing. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990); *Althouse v. Hill*, No. 3-02-CV-1263-D, 2002 WL 1750794 at *2 (N.D. Tex. Jul. 25, 2002). Nor has plaintiff alleged any facts to support a claim of disability discrimination under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. These claims should be dismissed as frivolous.

C.

The court notes that plaintiff previously filed two civil actions while incarcerated that were dismissed as frivolous or for failure to state a claim. *See Amir-Sharif v. Dallas County*, No. 3-06-CV-0081-B, 2006 WL 2583386 (N.D. Tex. Sept. 1, 2006); *Amir-Sharif v. Dallas County Public Defender's Office*, No. 3-06-CV-1038-H, 2006 WL 2848111 (N.D. Tex. Oct. 5, 2006). Under the Prison Litigation Reform Act, a prisoner may not proceed *in forma pauperis* if he has filed three or more civil actions in federal court while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The dismissal of this action counts as a "strike" for purposes of section 1915(g). Therefore, plaintiff should be advised that he will not be permitted to proceed *in*

*forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

**RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In addition, plaintiff should be advised that he will not be permitted to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 22, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE